IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BELINDA D. LOCKARD,**

        Plaintiff,

v.                                                                          CIVIL ACTION NO.: 3:15-CV-21
                                                                           (GROH)

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO CONDUCT LIMITED DISCOVERY

Now before the Court is Plaintiff Belinda D. Lockard's Motion to Conduct Limited Discovery [ECF No. 8], in which she moves the Court to allow a period of limited discovery in her suit against Defendant Unum Life Insurance Company of America. The Plaintiff seeks leave to take depositions and to serve the Defendant with interrogatories and requests for production of documents, for the limited purpose of determining the existence and extent of any conflict of interest on the Defendant's part. For the following reasons, the Court **DENIES** the Plaintiff's motion.

### I. Background

This civil action was initiated in the Circuit Court of Mineral County, West Virginia, on January 15, 2015. The parties' dispute stems from the Defendant's denial of the Plaintiff's request for long term disability benefits under the Plaintiff's employee welfare benefit plan ("the Plan"). The Defendant insured the Plan, which was maintained by the Plaintiff's employer, the Western Maryland Health System. Pursuant to the Plan's terms,

the Defendant was tasked with paying benefits to qualifying participants and with making the determination of who qualified for benefits. The Plan delegated to the Defendant the discretionary authority to make benefit determinations. The Plaintiff originally applied for benefits in October of 2013, claiming that she had been unable to work due to groin pain. The Defendant reviewed the Plaintiff's claim and ultimately denied her claim on April 3, 2014. The Plaintiff appealed that decision, and the Defendant denied her appeal on September 25, 2014.

The Plaintiff filed this suit against the Defendant pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. The Defendant removed the case to this Court on February 26, 2015, under 28 U.S.C. §§ 1331, 1441(a) and 29 U.S.C. § 1132(e)(1). Shortly thereafter, the Court entered a scheduling order, setting the deadlines for the filing of the administrative record and the parties' motions. On June 1, 2015, the Plaintiff filed her motion to conduct limited discovery. The Defendant responded in opposition on June 29, 2015. No reply brief was filed.

## II. Applicable Law

The judicial standard of review in an ERISA case has a direct bearing on whether a plaintiff is entitled to conduct additional discovery outside of the administrative record. See Bartel v. Sun Life Assurance Co. of Can., 536 F. Supp. 2d 623, 627 (D. Md. 2008) ("[T]he scope or availability of discovery is tied to the standard of review applied in ERISA cases."). A denial of benefits, challenged by a beneficiary under 29 U.S.C. § 1132(a)(1)(B), is reviewed by a district court under a *de novo* standard, unless the benefit plan at issue gives the plan administrator or fiduciary the discretionary authority to determine eligibility for benefits under the plan, in which case an abuse of discretion standard applies.

2

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Under the abuse of discretion standard, a discretionary determination will be upheld if found to be reasonable.  Champion v. Black & Decker (U.S.) Inc., 550 F.3d 353, 359 (4th Cir. 2008).  A court should not substitute its judgment for that of a plan administrator, Williams v. Metropolitan Life Insurance Co., 609 F.3d 622, 630 (4th Cir. 2010), and should affirm an administrator's discretionary determination so long as the determination "is the result of a 'deliberate, principled reasoning process' and is supported by 'substantial evidence,'" even if the court would reach a different decision independently, Helton v. AT&T Inc., 709 F.3d 343, 351 (4th Cir. 2013) (quoting Williams, 609 F.3d at 630).

Where, as here, a benefits plan expressly gives discretionary authority to the plan administrator and an abuse of discretion standard is therefore applicable, long-settled Fourth Circuit law holds that a district court reviewing an administrator's decision "may consider only the evidence before the administrator at the time of decision (i.e., the administrative record)".  Clark v. Unum Life Ins. Co. of Am., 799 F. Supp. 2d 527, 531 (D. Md. 2011).  However, as interpreted by numerous courts in recent years, the Supreme Court's decision in Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008), "opened the door" for additional discovery outside of the administrative record in certain circumstances, such as when a structural conflict of interest exists.  See Clark, 799 F. Supp. 2d 531-32; see also Bruce v. Hartford, 21 F. Supp. 3d 590, 595 (E.D. Va. 2014).  In Glenn, the Supreme Court identified the conflict of interest that occurs when a benefit plan's administrator "both evaluates claims for benefits and pays benefits claims." 554 U.S. at 112.  The Court held that a reviewing district court must weigh this type of conflict of interest as "a factor in determining whether there is an abuse of discretion." Id. at 115

(internal quotation marks and citations omitted).  In order to determine the weight to be given to this factor, it is helpful, in many circumstances, for reviewing courts to consider details such as a defendant's history of biased claims administration or, conversely, the steps an administrator has taken to reduce bias and promote accuracy in its decision making.  Id. at 117.  While Glenn did not directly address the question now before this Court, several circuit courts of appeals that have considered the issue have held that Glenn "necessarily contemplated discovery beyond the administrative record if courts are to properly determine the likelihood that an administrator's conflict of interest influenced its decision in a given case."  Clark, 799 F. Supp. 2d at 532 (collecting cases).  Accordingly, courts have found that Glenn created an exception to the general rule prohibiting extra-record discovery in ERISA cases.  Clark, 799 F. Supp. 2d at 533; Bruce, 21 F. Supp. 3d at 597 (finding, under Glenn and applicable Fourth Circuit precedent, that "[w]here . . . the administrative record does not afford adequate presentation of the plan administrator's structural conflict of interest, ordering extra-record discovery is not in error").  As the U.S. District Court for the District of Maryland stated in Clark, the Glenn exception allows for additional discovery outside of the administrative record "when an administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue."  Clark, 799 F. Supp. 2d at 533.

In several opinions issued in the wake of the Supreme Court's Glenn decision, the United States Court of Appeals for the Fourth Circuit has discussed the availability of extrinsic evidence in ERISA cases.  In Champion, the Fourth Circuit found that, regardless of the existence of a conflict of interest, a discretionary plan determination is still reviewed

4

under an abuse of discretion standard. 550 F.3d at 359. The court held that a conflict of interest is considered as only one factor in determining whether a plan administrator's decision was reasonable. Id. This analysis goes hand-in-hand with the factor-based review described in Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan, 201 F.3d 335 (4th Cir. 2000). In Booth, the Fourth Circuit identified the following eight nonexclusive factors, which courts may consider in conducting an ERISA review:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

Id. at 342-43 (footnote omitted). The court in Champion stated that a conflict of interest is "readily determinable" when, as in the instant case, a plan administrator or fiduciary operates in a "dual role," both evaluating claims *and* paying those claims. 550 F.3d at 358-59. Accordingly, when an administrator acts in a dual role, courts should consider the inherent conflict of interest under the eighth Booth factor. More recently, in Helton, the Fourth Circuit reaffirmed the principle that while an abuse of discretion review under ERISA is normally limited to the administrative record, there is no "absolute bar" preventing the introduction of extrinsic evidence. 709 F.3d at 352. The Helton court clarified that a district court may consider evidence outside of the administrative record when conducting an abuse of discretion review in an ERISA case "when such evidence is necessary to adequately assess the Booth factors and the evidence was known to the plan administrator when it rendered its benefits determination." Helton, 709 F.3d at 356. In determining

5

whether extra-record evidence is necessary to adequately assess the Booth factors, courts may ask whether a review of that evidence is required in order to "fill in gaps in the administrative record necessary for a court to determine the impact of a conflict of interest in a benefits determination." Yelton v. ScanSource, Inc., 983 F. Supp. 2d 683, 698 (D.S.C. 2013).

### III. Discussion

The Plaintiff moves the Court for leave to take depositions and to serve the Defendant with interrogatories and requests for production of documents. She avers that such discovery is necessary "for the Plaintiff and this Court to learn the extent and nature of any 'structural conflict of interest' and the potential effect this conflict of interest had on the reasonableness of the Defendant[']s discretionary determination in processing the Plaintiff's claim for long term disability benefits." The Plaintiff relies on the Fourth Circuit's decision in Helton to support her motion for extra-record discovery, as she contends that the requested discovery is necessary in order to adequately assess the conflict of interest factor under Booth, and that the evidence sought to be discovered was known to the Defendant when it rendered its benefit determination. See Helton, 709 F.3d at 356.

The Defendant counters by arguing that the requested discovery is not necessary in order for the Court to perform an analysis under Booth. The Defendant admits that it operated under a structural conflict of interest when it adjudicated the Plaintiff's benefits claim. Accordingly, the Court will take this conflict of interest into account when reviewing the Defendant's decision for abuse of discretion. But the Defendant maintains that its structural conflict of interest, which is readily apparent on the face of the administrative record, can be sufficiently accounted for without allowing for extra-record discovery. As the

6

Defendant notes, the Plaintiff does not identify any facts that serve to indicate that the Defendant's decision to deny the Plaintiff's benefits claim was improperly affected by the Defendant's conflict of interest.

The Court agrees with the Defendant. The Court will consider the merits of the Plaintiff's claim after the parties have submitted their dispositive motions. At that time, the Court will consider the Defendant's structural conflict of interest, which is undisputed, as one of the factors identified in Booth. As to the instant motion, however, the Plaintiff has not identified anything in the administrative record–or anything suspected to exist outside of the record–that could serve to demonstrate the necessity of ordering limited discovery. Were the Court to order a limited period of discovery in this case, it would in effect be doing so *solely* because a structural conflict of interest is presented by the Defendant's status as both payor and evaluator. Glenn and the Fourth Circuit decisions that followed do not require this Court to take such an approach. Glenn opened the door for extra-record discovery in ERISA cases, Clark, 799 F. Supp. 2d 531-32, but discovery is not mandated in every case, regardless of the circumstances, merely because a structural conflict of interest exists. See Helton, 709 F.3d at 356 ("[A] district court *may* consider evidence outside of the administrative record on abuse of discretion review in an ERISA case *when such evidence is necessary to adequately assess the* Booth *factors* and the evidence was known to the plan administrator when it rendered its benefits determination.") (emphases added). Under these circumstances, granting the Plaintiff's motion would be akin to giving her *carte blanche* to conduct discovery on the Defendant's conflict of interest, converting the emphasis of this litigation from the reasonableness of an administrator's claim decision to an "exhaustive scrutiny of the general fairness of the administrator's business practices."

7

Clark, 799 F. Supp. 2d at 533.

Upon considering the necessity of the Plaintiff's requested discovery, the Court finds, just as the U.S. District Court for the District of Maryland did in Clark, that the administrative record is "sufficiently detailed to reveal any significant defects that might have made it vulnerable to bias." Id. at 536. The nearly 700-page record appears to be a thorough, chronological record of the Defendant's review of the Plaintiff's benefit claim. The Court believes it will be able to sufficiently weigh the Booth factors, including the Defendant's motives and its conflict of interest, without requiring the requested discovery. To be clear, at this juncture the Court does not conclude that the Defendant's decision to deny the Plaintiff's claim was a reasonable one. Rather, the Court finds the record sufficient to conduct a reasonableness analysis. The Court notes that the record contains hundreds of pages of the Defendant's internal documents, the Plaintiff's medical records, and correspondence to and from medical professionals who treated the Plaintiff. These documents seem to have been created contemporaneously and they encompass the claim review process from the initiation of the claim until the final denial of the Plaintiff's appeal. The Plaintiff's motion to conduct limited discovery contains general averments that discovery is necessary to learn the extent and nature of any conflict of interest, but she does not put forward any reference to evidence contained in the record that was improperly affected by the Defendant's conflict of interest and she does not argue that relevant evidence was improperly excluded from the record. See Clark, 799 F. Supp. 2d at 536 (denying a motion to compel extra-record discovery where the plaintiff did not allege "any factual basis for inferring that the alleged bias affected the outcome of *her* claim, or that such influence, if it took place, cannot be discerned from the information already in the

8

record"). This Court does not hold that references to facts relevant to a defendant's conflict of interest are always necessary when a plaintiff moves for extra-record discovery in an ERISA case. But contrasted with the administrative record in this case, the Plaintiff's general statements concerning the existence of a conflict of interest are insufficient to warrant extra-record discovery.

More specific allegations concerning the Defendant's review of the Plaintiff's benefits claim are found in the Plaintiff's complaint. The complaint, as filed in the Circuit Court of Mineral County, West Virginia, alleged that the Defendant failed to take into account the findings of the Plaintiff's treating physicians and those physicians' medical records. The complaint further alleged that the Defendant ignored evidence that the Plaintiff's job involved "keyboarding" and that she was awarded Social Security disability benefits. But these allegations, which are not referenced in the Plaintiff's motion to conduct limited discovery or her memorandum in support, do not persuade the Court that additional discovery is necessary. As noted, the administrative record appears to contain a chronological account of the Defendant's review of the Plaintiff's claim, and it includes evidence indicating that the Defendant contacted, or attempted to contact, the Plaintiff's treating physicians on multiple occasions during both the initial review and on appeal. The Defendant stated in its answer to the Plaintiff's complaint that it was not made aware of any Social Security award during the administrative process. While, conceivably, the Defendant could have intentionally omitted reference to the Plaintiff's award of Social Security disability benefits from the administrative record, there is at present no indication that any such improper action occurred as a result of the Defendant's conflict of interest. The Plaintiff has failed to demonstrate that additional discovery is necessary in order for the

9

Court to appropriately consider the Defendant's conflict of interest as one factor in the Court's review.

Ultimately, the allegations put forward in the Plaintiff's complaint might serve to establish that the Defendant's decision to deny her benefits claim was unreasonable. That issue is reserved until the Court considers the merits of the Plaintiff's claim upon review of the parties' dispositive motions. At this time, the Court concludes only that discovery outside of the administrative record is not necessary for the Court to adequately assess the appropriate factors when reaching its decision on the reasonableness of the Defendant's determination.

### IV. Conclusion

For the foregoing reasons, the Court **ORDERS** that the Plaintiff's Motion to Conduct Limited Discovery [ECF No. 8] is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** August 10, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE